# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NUMBER 4:11-CR-00248 |
| v. § | |
| § | |
| § | |
| RICARDO JULIO CASTILLO, JR. (5) § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on October 19, 2018, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Kenneth McGurk.

Ricardo Julio Castillo, Jr., was sentenced on May 21, 2014, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute 100 Grams or More of Heroin, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of V, was 100 to 125 months. Ricardo Julio Castillo, Jr., was subsequently sentenced to 110 months of imprisonment followed by a 4-year term of supervised release subject to the standard conditions of release, plus special conditions to include surrender for deportation proceedings, financial disclosure, drug testing and treatment, obtain a GED, a $100 special assessment, and denial of federal benefits for one year.

On January 23, 2015, based on the Reduction of Sentence for Changed Circumstances, the defendant's term of imprisonment was reduced from 110 months to 73 months. On May 31, 2016, pursuant to 18 U.S.C. § 3582(c)(2), the defendant's imprisonment sentence was reduced from 73 months to 56 months. On May 31, 2016, Ricardo Julio Castillo, Jr., completed his period of imprisonment and began service of the supervision term. On October 7, 2015, the case was reassigned to U.S. District Judge Marcia A. Crone.

On August 24, 2018, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 1475, Sealed]. The Petition asserted that Defendant violated six (6) conditions of supervision, as follows: (1) The defendant shall not commit another federal, state, or local crime; (2) The defendant shall not unlawfully possess a controlled substance; (3) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) The defendant shall not leave the judicial district without the permission of the Court or probation officer; (5) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; and (6) You shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

The Petition alleges that Defendant committed the following acts: (1), (2), and (3) On January 9, 2018, the Defendant was arrested by the Dallas Police Department, Dallas, Texas, for the offense of Theft of Prop > or Equal $2500 < $30K – No Shoplift, felony; Man Del Cont Sub Pen Grp 1 > or Equal 400 (1,025.2g, cocaine), felony; Man Del Cont Sub Pen Grp 1 > or Equal 4g

<200g (34.6 g heroin), felony; and Possession of Marijuana < 2oz (26.6g), misdemeanor. The Defendant is currently being detained in the Dallas County Jail. On April 29, 2017, the Defendant was detained by Homeland Security at the Port of Mexico in Del Rio, Texas, and was found to have 11.90 grams of methamphetamine in his possession. He was also in possession of a glass pipe; (4) The Defendant was detained by Homeland Security on April 29, 2017, at the Port of Mexico in Del Rio, Texas. After being released, he entered Mexico. The Defendant did not have permission from the Court or the probation office to leave the judicial district; (5) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; and (6) You shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 1, 2, 3, 5, and 6 of the Petition. The Government dismissed allegation 4. Having considered the Petition and the plea of true to allegations 1, 2, 3, 5, and 6, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends the Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of thirty-six (36) months, with no supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**IT IS SO ORDERED**
**Oct 26, 2018**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE